UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS E. THREATS,<br><br>Petitioner,<br><br>v.<br><br>D. K. SISTO, Warden, et al.,<br><br>Respondent. | Civil No. 09-0816 IEG (AJB)<br><br>**ORDER SUA SPONTE SUBSTITUTING RESPONDENT** |

At the time of filing, Petitioner was apparently housed at California State Prison, Solano and thus named D. K. Sisto, Warden, and subsequently, J. W. Haviland, Warden, as Respondents. Based on the notice of change of address Petitioner submitted to the Court on June 22, 2009 [return address on a letter dated June 13, 2009 from Petitioner to the Court], it appears Petitioner is no longer housed at California State Prison, Solano; rather, it appears he is presently incarcerated at the Correctional Training Facility in Soledad, California.

A writ of habeas corpus acts upon the custodian of the state prisoner. *See* 28 U.S.C. § 2242; Rule 2(a), 28 U.S.C. foll. § 2254. Because Petitioner's place of custody has changed, so has his custodian. Accordingly, in order to conform with the requirements of Rule 2(a) of the Rules Governing § 2254 Cases and to avoid changing the Respondent again if Petitioner is transferred to another prison or paroled, the Court hereby sua sponte **ORDERS** the substitution of Matthew Cate, Secretary of the California Department of Corrections and Rehabilitation, as Respondent in place of "D. K. Sisto" and "J. W. Haviland." *See Ortiz-Sandoval v. Gomez*, 81

1  F.3d 891, 894 (9th Cir. 1996) (stating that the respondent in § 2254 proceedings may be the chief
2  officer in charge of state penal institutions).

3       Additionally, Jerry Brown, the Attorney General of the State of California, is not a proper
4  respondent in this action.  Rule 2 of the Rules following § 2254 provides that the state officer
5  having custody of the petitioner shall be named as respondent.  Rule 2(a), 28 U.S.C. foll. § 2254.
6  However, "if the applicant is not presently in custody pursuant to a state judgement against
7  which he seeks relief but may be subject to such custody in the future," then "the officer having
8  present custody of the applicant as well as the attorney general of the state in which the judgment
9  which he seeks to attack was entered shall each be named as respondents."  Rule 2 (b), 28 U.S.C.
10 foll. § 2254.  Here, there is no basis for Petitioner to have named the Attorney General as a
11 respondent in this action.

12      The Clerk of the Court shall modify the docket to reflect "Matthew Cate, Secretary" as
13 respondent in place of  "D. K. Sisto" and "J. K. Haviland."

14 **IT IS SO ORDERED.**

15  DATED: June 29, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court